SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GUMARO GARCIA GARNICA,<br><br>        Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security;<br>NANCY ALCANTAR, Field Office Director,<br>Immigration and Customs Enforcement, and<br>PETER KEISLER, Acting Attorney General<br>of the United States,<br><br>        Respondents. | No. C 07-4953 SBA<br><br>RESPONDENTS' OPPOSITION TO BOTH PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR A TEMPORARY RESTRAINING ORDER |

    Petitioner asks this Court to enjoin and restrain Respondents from removing him to Mexico on September 26, 2007, and seeks to have the privilege of voluntary departure reinstated. This Court lacks jurisdiction to review Petitioner's claims and should deny the request for a temporary restraining order and dismiss the petition.

BACKGROUND

    On June 10, 2005, the Board of Immigration Appeals (BIA), upheld the Immigration Judge's (IJ) order of removal. *See* Petition for a Writ of Habeas Corpus (Petition), Exh. M. The BIA granted Petitioner 60 days to depart the United States voluntarily and warned Petitioner that failure to depart would subject him to a civil fine and would preclude him from being eligible for a list of

Respondents' Opposition to TRO and Petition for Write of Habeas Corpus
C-07-4953 SBA

1  relief from removal. *Id.* Petitioner moved to reopen before the BIA and on September 15, 2005,
2  the BIA agreed to consider the motion to reopen because it was filed before the voluntary
3  departure period had lapsed (3 days before lapsing), citing *Azarte v. Ashcroft*, 394 F.3d 1278,
4  1288-89 (9th Cir.2005) (holding that where a motion to reopen is filed within the voluntary
5  departure period and a stay of removal or voluntary departure is requested, the voluntary departure
6  period is tolled during the period the BIA is considering the motion).
7      On September 15, 2005, the BIA denied the motion to reopen and three days later, his
8  voluntary departure period lapsed. Petition, Exhibit P. Petitioner timely appealed to the Ninth
9  Circuit Court of Appeals, seeking a stay of removal, but without raising a voluntary departure
10 argument. Petition, Exh. Q. On December 1, 2006, the Ninth Circuit summarily denied the
11 Petition for Review and on January 23, 2007, the mandate issued. On August 28, 2007, Petitioner
12 received a letter from the Department of Homeland Security, noting that he Petitioner was subject
13 to a final order of removal and directing him to surrender on September 26, 2007. This petition
14 was filed with this Court on September 25, 2007.

## ARGUMENT

16     This Court may entertain a petition for a writ of habeas corpus from a person claiming to be "in
17 custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
18 2241(c)(3).

**A. This Court Has No Jurisdiction Over this Habeas Petition**

20     The REAL ID Act of 2005 eliminated district court habeas corpus jurisdiction over final orders
21 of deportation or removal and vested jurisdiction to review such orders exclusively in the courts of
22 appeals:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

26 INA § 242(a)(5), 8 U.S.C. § 1252(a)(5). The REAL ID Act further provided:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial

Respondents' Opposition to TRO and Petition for Write of Habeas Corpus
C-07-4953 SBA

1  review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

INA § 242(b)(9), 8 U.S.C. § 1252(b)(9). Furthermore, Section 242(g) of the INA, 8 U.S.C. § 1252(g), as amended by the REAL ID Act, now provides,

(g) Exclusive jurisdiction

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Thus, the only courts with subject matter jurisdiction to review such final orders are the courts of appeals. Although the REAL ID Act did not eliminate habeas jurisdiction over challenges to detention that are independent of challenges to final orders of removal, Petitioner's claims clearly present a challenge to the Attorney General's action to execute his final order of removal. *Cf. Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). The BIA and the Ninth Circuit have reviewed Petitioner's claims and rejected them. Petitioner is subject to a final order of removal and his opportunity to voluntarily depart has lapsed. *See* 8 C.F.R. § 1241.1(f). As a result, this Court lacks jurisdiction to entertain both Petitioner's habeas petition and request for a temporary stay of deportation.

**B. There is No Judicial Review Of the Privilege of Voluntary Departure**

To the extent Petitioner is attempting to raise an ineffective assistance of counsel claim for failing to preserve Petitioner's voluntary departure privilege, attempting to fit into the narrow holding of *Singh v. Gonzales*, --- F.3d ----, 2007 WL 2406862 (9th Cir. 2007), this argument also fails. Pursuant to 8 C.F.R. § 1240.26(f), once a removal order has issued, authority to extend the voluntary departure period rests with the agency. Petitioner asked the agency on the eve of September 25, 2007, the day before he is scheduled to surrender, for a reinstatement of his lapsed voluntary departure, arguing ineffective assistance of prior counsel. Regardless of the outcome,

Respondents' Opposition to TRO and Petition for Write of Habeas Corpus
C-07-4953 SBA

1 | there is no judicial review over requests for voluntary departure.  *See* 8 U.S.C. § 1229c(f); *Garcia*
2 | *v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (no jurisdiction over requests to reinstate
3 | voluntary departure); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003); *see also*
4 | *Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir.2007) ("Section 106 [of RIDA] does not restore
5 | jurisdiction over discretionary determinations").

6 | CONCLUSION

7 | Accordingly, petitioner's habeas petition should be denied and dismissed for lack of
8 | jurisdiction, and the any stay of deportation *pendente lite* should be denied as should any request
9 | to reinstate the privilege of voluntary departure, which lapsed in 2005.

10 | Dated: September 26, 2007                    Respectfully submitted,

11 |                                             SCOTT N. SCHOOLS
                                                United States Attorney
12 |
13 |                                             _____/s/_____
                                                ILA C. DEISS
14 |                                             Assistant United States Attorney
                                                Attorneys for Respondents

Respondents' Opposition to TRO and Petition for Write of Habeas Corpus
C-07-4953 SBA