UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GUMARO GARCIA GARNICA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security;<br>NANCY ALCANTAR, Field Office Director,<br>Immigration and Customs Enforcement, and<br>PETER KEISLER, Acting Attorney General<br>of the United States,<br><br>Respondents. | No. C 07-4953 SBA<br><br>ORDER DENYING TEMPORARY<br>RESTRAINING ORDER AND DISMISSING<br>PETITION FOR A WRIT OF HABEAS<br>CORPUS |

Petitioner, a native and citizen of Mexico, and subject of a final order of removal, asks this Court to enjoin and restrain Respondents from removing him to Mexico and seeks reinstatement of the privilege of voluntary departure. For the reasons set forth below, the request for a temporary restraining order is DENIED and the petition for a writ of habeas corpus is DISMISSED.

The REAL ID Act of 2005 eliminated district court habeas corpus jurisdiction over final orders of deportation or removal and vested jurisdiction to review such orders exclusively in the courts of appeals:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

INA § 242(a)(5), 8 U.S.C. § 1252(a)(5). The REAL ID Act further provided:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

INA § 242(b)(9), 8 U.S.C. § 1252(b)(9). Furthermore, Section 242(g) of the INA, 8 U.S.C. §

1252(g), as amended by the REAL ID Act, now provides,

(g) Exclusive jurisdiction

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Thus, the only courts with subject matter jurisdiction to review such final orders are the courts of appeals.  Although the REAL ID Act did not eliminate habeas jurisdiction over challenges to detention that are independent of challenges to final orders of removal, Petitioner's claims clearly present a challenge to the Attorney General's action to execute his administratively final order of removal.  As a result, this Court lacks jurisdiction to entertain both Petitioner's habeas petition, the request for a stay of removal and the request to reinstate voluntary departure.  Accordingly, Petitioner's habeas petition is DISMISSED and the request for a temporary restraining order DENIED.

SO ORDERED.

Dated:                                        SAUNDRA B. ARMSTRONG
United States District Judge