```
JAMES TODD BENNETT
Attorney of Law
P. O. Box 742
El Cerrito, CA  94530
Telephone:  (510) 232-6559
California State Bar No.  113009

Attorney for Petitioner
GUMARO GARCIA GARNICA
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GUMARO GARCIA GARNICA**, <br><br>   Petitioner, <br><br> v. <br><br> **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **PETER KEISLER**, Acting Attorney General of the United States, <br><br>   Respondents. | CASE NO:   C07-4953 SBA <br><br> **PETITIONER'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EMERGENCY STAY OF EXECUTION AND APPLICATION FOR TEMPORARY STAY ORDER RE PETITION FOR WRIT OF HABEAS CORPUS OR, IN THE ALTERNATIVE, ORDER TO SHOW CAUSE** <br><br> Date:  9/26/07 <br> Time:  11:00 a.m. |

**I**

**INTRODUCTION**

Gumaro Garcia Garnica, petitioner herein, hereby respectfully submits the following points and authorities in support of his motion for emergency stay of execution and application for temporary stay order (hereinafter stay motion)

-1-

1 submitted in conjunction with his petition for writ of habeas
2 corpus or, in the alternative, order to show cause (hereinafter
3 habeas petition) both of which were filed and served in the
4 above entitled action on or about September 25, 2007. Pursuant
5 to the order of the court on September 25, 2007, these points
6 and authorities are submitted herein by e-filing by 11:00
7 o'clock a.m. on September 26, 2007.

8 As set forth herein, the District Court has jurisdiction
9 under 28 USC, Section 2241(c)(3) over the present habeas
10 petition under the holding in the precedent decision Singh v.
11 Gonzales __ F3d __ (9th Cir. 8/24/07, Case No. 05-16005) and
12 jurisdiction is not barred by 8 USC, Sections 1252(a)(5) and
13 (b)(9) (codifying Sections 106(a) of Title 1, Division B of the
14 Real ID Act of 205 [hereinafter RIDA]) since the constitutional
15 deprivation set forth in the present habeas action consists of a
16 violation of the due process clause of the Fifth Amendment of
17 the federal constitution due to ineffective assistance of
18 counsel which occurred after entry of the final administrative
19 order of removal in the proceedings before the Executive Office
20 for Immigration Review, United States Department of Justice
21 (hereinafter EOIR). Under Singh, the District Court retains
22 habeas jurisdiction over such post-final administrative order
23 Fifth Amendment deprivations since such claims do not require
24 the review of the administrative order of removal. Singh, at
25 10473-74. Specifically, in the case at hand, petitioner seeks

1  habeas relief as to the failure of counsel to assert on federal
2  judicial review the error of the Board of Immigration Appeals,
3  EOIR (hereinafter BIA) in finding that the voluntary departure
4  period had expired under the precedent decision, <u>Azarte v.</u>
5  <u>Ashcroft</u> 394 F3d 1278 (9th Cir. 2005).  Petitioner dos not seek
6  review of the final administrative order granting voluntary
7  departure with an alternative order of removal since the limited
8  remedy sought is a remand for reinstatement of the voluntary
9  departure period in accordance with <u>Azarte</u>.  <u>Singh</u> at 10473-4.
10        As to ineffective assistance of counsel itself, a failure
11 to seek judicial review of the clearly erroneous finding that
12 the voluntary departure period had expired under <u>Azarte</u>
13 constitutes an ineffective assistance of counsel constitutes
14 ineffective assistance.  The failure is analogous to those cases
15 involving the failure to seek review altogether by filing a
16 timely petition for review and those decisions holding that a
17 failure to seek or assert relief constitutes ineffective
18 assistance of counsel, thereby depriving petitioner of a
19 fundamental right under the voluntary departure statute.
20 Accordingly, a failure to raise the clearly erroneous finding by
21 the BIA in judicial review proceedings constitutes post-final
22 order ineffective assistance of counsel which is subject to
23 habeas review.
24        Finally, under the controlling precedent governing stay
25 motions in habeas corpus proceedings petitioner has clearly

1  demonstrated a likelihood of prevailing with harm evident at
2  maximum; and an important legal issue with irreparable harm if
3  petitioner is removed pending disposition of his petition herein
4  at minimum.  <u>Maharaj v. Ashcroft</u> 295 F3d 963, 964-6 (9th Cir.
5  2002).

## II

## PROCEDURE

The habeas petition was filed and served on or about September 25, 2007 along with the instant motion. On or about the same date a telephonic hearing was held before the District Court on the stay motion. A briefing schedule was set with simultaneous filings due at 11:00 o'clock a.m. on September 26, 2007 and simultaneous replies due at 1:00 o'clock p.m. the same day. Counsel for respondents stated that respondents Chertoff, Alcantar and their delegates will not seek to remove petitioner to Mexico until after 5:00 o'clock p.m. on September 27, 2007.

## III

## FACTS

Petitioner incorporates by reference the facts set forth in the habeas petition as if fully set forth herein. In addition, the following facts are pertinent to the jurisdictional and substantive issues set forth below. Factual issues relative to the stay motion itself are addressed in the stay motion and below.

1  　　　　The immigration judge issued an order on or about March 25,
2  2004 denying discretionary relief under 8 USC, Section
3  1229b(b)(1), cancellation of removal, but granting voluntary
4  departure under 8 USC, Section 1229c(b) within sixty days and
5  the posting of a $500 bond within five days of the order with an
6  alternative order of removal to Mexico if petitioner failed to
7  depart within the voluntary departure period (Habeas petition,
8  Exhibit J).
9  　　　　The final administrative order was issued by the BIA after
10 timely administrative appeal by petitioner on or about June 10,
11 2005, wherein the BIA dismissed the appeal from the order
12 denying relief under the cancellation statute, but reinstating
13 the voluntary departure order for sixty days from the date of
14 the order (Id., Exhibit M).  The BIA order became a final order
15 of removal since it affirmed the decision and order of the
16 immigration judge.  8 USC, Section 1101(a)(47)(B)(i).  Counsel
17 for petitioner did not seek judicial review of the final order
18 by petition within thirty days thereafter.  8 USC, Section
19 1252(b)(1).
20 　　　　Instead, on the sixtieth day after the final order, and the
21 last day of the voluntary departure order, counsel for
22 petitioner filed an administrative motion to reopen within the
23 ninety day time period allowed after the final order for such
24 motions.  8 USC, Section 1229a(c)(7)(C)(i).  In the motion,
25 petitioner requested both a stay of removal and a stay of the

1 voluntary departure period under Azarte v. Ashcroft 394 F3d 1278
2 (9th Cir. 2005) (habeas petition, Exhibit N).
3     The BIA denied the motion on or about September 15, 2005,
4 stating that the voluntary departure period had expired under
5 Azarte, but that the motion to reopen itself could be considered
6 as timely and was denied (Id., Exhibit P).
7     In Azarte, the Ninth Circuit had to resolve the conflict
8 between two statutes, regarding the sixty day maximum for
9 voluntary departure under 8 USC, Section 1229c(b)(2) and the
10 ninety day maximum for motions to reopen under 8 USC, Section
11 1229a(c)(7)(C)(i). The Azarte court held that if the motion to
12 reopen is filed within the shorter voluntary departure period,
13 then the voluntary departure period is tolled during the time
14 the BIA is considering the motion to reopen. Azarte at 1289.
15 Accordingly, under Azarte the voluntary departure period in this
16 case was tolled during the consideration of the motion to reopen
17 since it was filed on the sixtieth day after the BIA's June 10,
18 2005 final order.
19     Upon issuance of the September 15, 2005 BIA order denying
20 the motion petitioner had thirty days to seek review under 8
21 USC, Section 1252(b)(1) and time regarding the voluntary
22 departure period commenced to run. A petition for review was
23 filed on or about October 6, 2005 (Habeas petition, Exhibit Q).
24 Voluntary departure time commences to run from the final order
25 date unless tolled by Azarte. Under Desta v. Ashcroft 365 F3d

1  741 (9th Cir. 2004) a subsequent filing of a motion for stay
2  tolls running of time under a voluntary departure order, if it
3  is filed within the voluntary departure period which commences
4  to run after the lifting of an Azarte tolling period, but only
5  for such time remaining at the time of the filing of the motion.
6  Desta at 747.   Therefore, the balance of voluntary departure
7  time available to petitioner under a Desta stay would have been
8  39 days.
9       However, due to the BIA's erroneous finding under Azarte,
10 all voluntary departure time was found to have expired as of
11 September 15, 2005.   The error was not raised in the petition
12 for review, was not briefed by counsel and the court order
13 dismissing the petition as insubstantial does not indicate that
14 voluntary departure time remains and the issue was never raised.
15 (Habeas petition, Exhibits Q, T, W).   Accordingly, the issue of
16 the BIA's erroneous finding that voluntary departure had expired
17 was not raised and petitioner has lost the right thereto as a
18 result of the failure which occurred after the final order in
19 the administrative proceeding.
20
21 ///
22
23 ///
24
25 ///

# IV

# ARGUMENT

A. The District Court Has Jurisdiction Over the Habeas Petition

1. RIDA Does Not Apply Under <u>Singh v. Gonzales</u>

Under the provisions of RIDA, the District Court is stripped of habeas jurisdiction over review of final orders of removal. 8 USC, Section 1252(a)(5); 1252(b)(9). However, under <u>Singh</u> a narrow exception arises where a Fifth Amendment due process deprivation through ineffective assistance of counsel occurs after entry of the final administrative order since such review does not entail review of the order of removal itself, and falls outside of the restrictions on habeas jurisdiction under RIDA. <u>Singh</u> at 10473-4; 10487-8. Thus, where the remedy does not entail a review of the final order itself, habeas jurisdiction lies with the District Court. <u>Singh</u> at 10486-8.

In the case at hand, the attorney error occurred after the final order issued on June 10, 2005 due to the failure of counsel to raise and seek reversal of the clearly erroneous application of <u>Azarte</u> by the BIA as to the purported expiration of the voluntary departure period on judicial review with the Court of Appeals. The ruling is an unequivocal error or law, since <u>Azarte</u> tolls the voluntary departure period under the facts. Failure to raise the issue at all is clearly ineffective

1  since petitioner has been stripped of the rights to voluntarily
2  depart to his prejudice (infra, IV, B and C).
3      Under the case law, the court of Appeals has no authority
4  to reinstate (as opposed to tolling) an expired grant of
5  voluntary departure. <u>Zazueta-Carillo v. Ashcroft</u> 322 F3d 1166
6  ,1107-75 (9th Cir. 2003).  The proper remedy in the case at hand
7  entails a remand to the BIA as the administrative agency
8  directing it to reinstate the remaining 39 days of the voluntary
9  departure period lost as a result of ineffective assistance of
10 counsel.  By merely retriggering the balance of the voluntary
11 departure time, the remedy does not result in a review of the
12 June 10, 2005 final order. <u>Singh</u> at 10474, 14086-7 (remedy on
13 remand to District Court would be an order directing the BIA to
14 retrigger the 30 day period to seek judicial review).
15 Accordingly, under <u>Singh</u>, the District court has jurisdiction
16 over the habeas petition herein.
17     2.  No Administrative Exhaustion Required
18     Due to the expired time limitations of 8 USC, Section
19 1229a(c)(7)(C)(i) and 1229a(c)(6)(B) (90 days and 30 days from
20 the final order, respectively) on administrative motions to
21 reopen or reconsider; the regulatory restriction of voluntary
22 departure reinstatements to the jurisdiction of the BIA or the
23 immigration judge in conjunction with an administrative motion
24 to reopen under 8 CFR, Section 1240.26(f); and the fact that
25 such administrative motions are discretionary, and not a matter

1  of right, a failure to exhaust such remedies is not a bar to
2  habeas jurisdiction. <u>Noriega Lopez v. Ashcroft</u> 335 F3d 874, 881
3  (9th Cir. 2003). Accordingly, the doctrine of exhaustion of
4  administrative remedies does not apply.

5      3.  Constructive Custody

6  Because he has been ordered to surrender to
7  respondents Chertoff and Alcantar, petitioner is in the
8  constructive custody of respondents, thereby meeting the "in
9  custody" requirement for habeas jurisdiction. <u>Jones v.</u>
10 <u>Cunningham</u> 371 U.S. 236, 240-3 (1963).

11      4.  Conclusion

12  Based on the foregoing, the District Court has
13 jurisdiction over the present habeas petition.

14  B.  The Failure to Seek Judicial Review of the
        Misapplication of <u>Azarte</u> by the BIA Constitutes
15      Ineffective Assistance of Counsel

16      1.  Constitutional Claim

17  The right to effective assistance of counsel arises
18 under the due process clause of the Fifth Amendment. <u>Baires v.</u>
19 <u>INS</u> 856 F2d 89, 90-91 (9th Cir. 1998); <u>Mohesseni Bebbahani v. INS</u>
20 796 F2d 249, 250-2 (9th Cir. 1986). The issue therefore arises
21 under habeas jurisdiction 28 USC, Section 2241(c)(3).

22      2.  Standard for Ineffective Assistance

23  In the Ninth Circuit, the standard for ineffective
24 assistance of counsel is whether ineffective assistance "may"

25

have affected the outcome of the proceeding. Mohammed v. Gonzales 400 F3d 785, 793-4 (9th Cir. 2005).

### 3. Ineffective Assistance of Counsel

While there is no case precisely on point with the present case, the following cases set the parameters for the ineffective assistance of counsel claim herein.

Failure by retained counsel to file a claim or application on behalf of the alien constitutes ineffective assistance of counsel. Ray v. Gonzales 439 F3d 582, 587-89 (9th Cir. 2006); Castillo Perez v. INS 212 F3d 518, 526 (9th Cir. 2000); Figueroa v. INS 886 F2d 76, 78-9 (4th Cir. 1989).

A failure to apply for voluntary departure in the administrative proceeding is ineffective assistance of counsel. Colindres Aguilar v. INS 819 F2d 259 (9th Cir. 1987).

In the post-final order proceedings, the failure to file a timely petition for review after a final administrative order constitutes ineffective assistance of counsel. Dearinger ex rel. Volkova v. Reno 200 F3d 1042 (9th Cir. 2000). In the context of the Sixth Amendment, ineffective assistance of counsel includes acts and omissions on appeal. Murry v. Carrier 477 U.S. 478, 488 (1986).

While tactical decisions may not arise to the level of a Fifth Amendment violation, errors and omissions which may affect the outcome do. Thorsteinsson v. INS 724 F2d 1365, 1367 (9th Cir. 1984); Mohammed at 793-4; Ray at 587-89.

1   Accordingly, in the case at hand, the failure to raise
2 the clear legal error committed by the BIA in misapplying Azarte
3 clearly affected a post order outcome as to the perseveration of
4 the grant of voluntary departure to petitioner's prejudice
5 (infra) and constitutes ineffective assistance of counsel.

6       4.   Prejudice

7   Petitioner must show prejudice to prevail on the claim
8 of ineffective assistance. Rodriquez Lariz v. INS 282 F3d 1218,
9 1226 fn. 6 (9th Cir. 2002); Mohesseni Behbbahani at 251. Since
10 he is now facing removal instead of an exercise of voluntary
11 departure, petitioner has been prejudiced as follows:  1) his
12 $500 departure bond is forfeited under 8 USC, Section 1229c(C)
13 and 8 CFR, Section 1240.26(c)(3); 2) he faces a civil penalty
14 from $1,000 to $5,000 under 8 USC, Section 1229c(d)(1)(A); 3) he
15 is barred from specific relief, including re-immigration under 8
16 USC, Section 1255, for a period of ten years (including an
17 employment visa as a skilled truck driver); and d) has lost his
18 remaining 39 day voluntary departure period.

19       5.   Conclusion

20   Based on the foregoing, petitioner has suffered
21 ineffective assistance of counsel.

22   C.   A Stay of Removal Order is Merited and Justified under
         Maharaj v. Ashcroft
23
24   As set forth in the stay motion, the application herein is
25 governed by the standards in Maharaj v. Ashcroft 295 F3d 963,

-12-

1   964-6 (9th Cir. 2002).  Under the precedent, petitioner must
2   show: 1) likelihood to prevail on the merits with demonstrated
3   hardship; or 2) serious legal question with the balance of
4   hardships tipping sharply in his favor.  The two standards from
5   the extreme poles of a continuum for assessing whether a stay is
6   justified.
7        Based on the foregoing in Section IV, A-B, petitioner
8   submits that he is likely to prevail under Singh and has
9   demonstrated hardship as set forth in the motion for stay at
10  pages 12-13 and in Section IV, B., 4, supra.  Alternatively
11  under the other end of the Maharaj continuum, the hardships tip
12  sharply in his favor since his United States citizen son will
13  need surgery for his myopia and petitioner provides both the
14  medical coverage as well as supported a home for his son (Stay
15  Motion, Exhibits B, C, E, F).  Taken cumulatively with the
16  potential financial and immigration consequences of the loss of
17  his voluntary departure, balanced by an absence of prejudice to
18  the respondents who will incur detention and removal costs under
19  a removal order, as opposed to the cost free departure of
20  petitioner under the reinstated remaining voluntary departure
21  period of 39 days, the hardships sharply favor a stay order in
22  this case.
23
24  ///
25

**V**

**CONCLUSION**

Based on the foregoing, it is respectfully requested that both a temporary stay order and a permanent stay order for the duration of the proceeding before the District Court be granted.

Dated:  September 26, 2007
                                  JAMES TODD BENNETT
                                  Attorney for Petitioner
                                  GUMARO GARCIA GARNICA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25