SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GUMARO GARCIA GARNICA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, Secretary, ) <br> Department of Homeland Security; ) <br> NANCY ALCANTAR, Field Office Director, ) <br> Immigration and Customs Enforcement, and ) <br> PETER KEISLER, Acting Attorney General ) <br> of the United States, ) <br> ) <br> Respondents. ) <br> _____) | No. C 07-4953 SBA <br><br> RESPONDENTS' REPLY IN OPPOSITION TO BOTH PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR A TEMPORARY RESTRAINING ORDER |

    Respondents hereby reply to Petitioner's Point and Authorities in support of his request for a TRO and petition for a writ of habeas corpus.

    Petitioner's calculations are confusing at best. In any event Petitioner's ineffective assistance of counsel claims appears to be that former counsel failed to challenge at the Ninth Circuit Court of Appeals the BIA's determination that Petitioner's voluntary departure period expired. *See* Petitioner's Point and Authorities at 2-3. As an initial matter, there is no evidence that Petitioner has requested a stay of removal at the Ninth Circuit or has moved to recall the mandate that issued from the Ninth Circuit in January 2007 in Petition for Review No. 05-75751. Nor has Petitioner shown that he asked the Board of Immigration Appeals (where he asks this Court to remand the

Respondents' Reply
C-07-4953 SBA

1 | matter) for reinstatement of voluntary departure.

2 |     Secondly, as Petitioner properly noted, in order for there to be ineffective assistance of counsel, Petitioner must show prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice). Here, even had prior counsel properly raised before the Ninth Circuit all of the arguments Petitioner is seeking to raise now, the Ninth Circuit would not have jurisdiction to review any requests for reinstatement voluntary departure. *See Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004).

    Petitioner relies on *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004), where the Ninth Circuit found that an alien's motion to stay removal in the Ninth Circuit may be construed as including a timely motion to stay voluntary departure if brought within voluntary removal period. Here, there was no motion to stay voluntary departure and the voluntary departure period had expired. Moreover, even had a motion been timely filed that would have tolled the voluntary departure period during review before the Ninth Circuit, that would have lapsed in January 2007, when the mandate issued. *See* Ninth Circuit General Order 6.4(c).

    Accordingly, the Court has no jurisdiction over Petitioner's requests and even if the Court were to find jurisdiction, Petitioner has been unable to show prejudice due to any ineffective assistance of prior counsel.

Dated: September 26, 2007                    Respectfully submitted,

                                                      SCOTT N. SCHOOLS
                                                      United States Attorney

                                                                        /s/
                                                      ILA C. DEISS
                                                      Assistant United States Attorney
                                                      Attorneys for Respondents

Respondents' Reply
C-07-4953 SBA