JAMES TODD BENNETT
Attorney of Law
P. O. Box 742
El Cerrito, CA  94530
Telephone:  (510) 232-6559
California State Bar No.  113009

Attorney for Petitioner
GUMARO GARCIA GARNICA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUMARO GARCIA GARNICA**, | CASE NO:  C07-4953 SBA |
| Petitioner, | **PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO BOTH PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **PETER KEISLER**, Acting Attorney General of the United States, | Date:  9/26/07<br>Time:  1:00 p.m. |
| Respondents. | |

**I**

**INTRODUCTION**

Gumaro Garcia Garnica, petitioner herein, hereby replies to the filing by respondents Michael Chertoff, Nancy Alcantar and Peter Keisler (hereinafter "respondents," collectively, and individually by surname) entitled "Respondents' Opposition to

-1-

1  Both Petition for Writ of Habeas Corpus and Request for a
2  Temporary Restraining Order" (hereinafter "respondents'
3  opposition) filed by e-filing on September 26, 2007. The
4  opposition is restricted to two jurisdictional issues only as
5  grounds for denying the motion for stay and a temporary
6  restraining order, and no other grounds. Since the respondents
7  are in error as to the District Court's jurisdiction over the
8  habeas petition in this action under Singh v. Gonzales __ F3d __
9  (9th Cir. 8/24/07, Case No. 05-16005) respondents concede that
10 petitioner is otherwise entitled to a stay and temporary
11 restraining order under Maharaj v. Ashcroft 295 F3d 963, 964-5
12 (9th Cir. 2002) by failing to contest the issue. Accordingly,
13 petitioner respectfully requests that a stay order and temporary
14 restraining order issue.

15                                **II**
16                        **RESPONDENTS' OPPOSITION**
17     Respondents argue that: 1) the Real ID Act of 2005
18 eliminated the habeas jurisdiction of the District Courts over
19 final orders of removal under 8 USC, Sections 1252(a)(5) and
20 1252(b)(9) (Respondents' Opposition, 2-3); and 2) the holding in
21 Singh does not apply since: a) only the "agency" (presumably the
22 Department of Homeland Security, Immigration and Customs
23 Enforcement -- hereinafter DHS/ICE) has the authority to extend
24 grants of voluntary departure and b) there is no judicial review
25 over "requests for voluntary departure" (Id, 3-4). As set forth

1  below, respondents confuse a "request for voluntary departure"
2  with the loss of the right to exercise voluntary departure due
3  to ineffective assistance of counsel.  Respondents further
4  misread their own regulation, 8 CFR, Section 1240.26(f) upon
5  which they apparently rely.  Finally, the very fact that the
6  right to exercise voluntary departure was lost as a result of
7  the constitutional deprivation of effective assistance requires
8  that this court fashion the same type of remedy set forth in
9  <u>Singh</u>, a remand to the Board of Immigration Appeals to re-
10 trigger the remaining 39 days of voluntary departure lost
11 thereby.

**III**

**REPLY ARGUMENT**

A.   Incorporation by Reference and Reply to "Opposition to Writ of Habeas Corpus"

Petitioner incorporates by reference his "Petitioner's Points And Authorities In Support Of Motion For Emergency Stay Of Execution And Application For Temporary Stay Order Re Petition For Writ Of Habeas Corpus Or, In The Alternative, Order To Show Cause" (hereinafter "petitioner's points and authorities") as if fully set forth herein in response to the two aforementioned jurisdictional arguments, and in response to that portion of respondent's opposition directed to the dismissal of the habeas petition.

     B.   The District Court Has Habeas Jurisdiction Under <u>Singh v. Gonzales</u>

Respondents first assert a blanket bar to habeas jurisdiction under RIDA at pages 2 through 3 and, then when confronted with the holding in <u>Singh</u>, raise various straw arguments which fail to address the applicability of the precedent to the present proceeding. The issue, in a nutshell, is that petitioner suffered ineffective assistance of counsel due to the post final order failure to assert on judicial review the erroneous holding of the BIA that the voluntary departure period had lapsed and that the remedy, a remand to retrigger the remaining voluntary departure period, does not result in review of the final order of removal. The facts of the case squarely fall within the narrow exception carved out by the <u>Singh</u> court.

Respondent's first raise a non-issue, the filing of an administrative application with DHS/ICE for reinstatement of the order of voluntary departure. The filing was done at the behest of DHS/ICE and respondents as a means of resolving the matter by settlement. In fact, DHS/ICE has authority to extend, but *no* authority to issue an order to reinstate voluntary departure under 8 CFR, Section 1240.26(f). Any such filing is, at best, an unauthorized exercise in futility[1], if not absurdity.

Second, it is true that the federal courts have no authority to review denials of voluntary departure under 8 USC,

---

[1] And in any event, DHS/ICE has yet to serve a written response on counsel.

1  Section 1229c(f).  Petitioner seeks no such review.  He seeks
2  redress for the post-decisional loss of a *granted* right to
3  voluntary departure due to ineffective assistance of counsel,
4  clearly a matter within the parameters of Singh.
5       Third, it is true that the federal courts cannot themselves
6  reinstate voluntary departure.  However, that is precisely why
7  the remedy requested herein is necessary:  an order of remand to
8  the BIA to re-trigger the remaining voluntary departure period
9  lost through ineffective assistance of counsel, a loss which
10 respondents do not contest and therefore concede.

**IV**

**CONCLUSION**

13      Based on the foregoing and petitioner's points and
14 authorities, the District Court has jurisdiction and respondents
15 concede the Maharaj hardship issues by not addressing them.  It
16 is therefore respectfully requested that an order of stay and
17 temporary restraining order issue.

Dated:   September 26, 2007    _____
                               JAMES TODD BENNETT
                               Attorney for Petitioner
                               GUMARO GARCIA GARNICA