JAMES TODD BENNETT
Attorney of Law
P. O. Box 742
El Cerrito, CA  94530
Telephone:  (510) 232-6559
California State Bar No.  113009

Attorney for Petitioner
GUMARO GARCIA GARNICA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GUMARO GARCIA GARNICA,** | ) CASE NO: |
| | ) |
| Petitioner, | ) |
| | ) **NOTICE OF MOTION AND MOTION FOR** |
| v. | ) **EMERGENCY STAY OF EXECUTION AND** |
| | ) **APPLICATION FOR TEMPORARY STAY** |
| **MICHAEL CHERTOFF,** Secretary, | ) **ORDER PENDING RULING OF MOTION** |
| Department of Homeland | ) **RE PENDING APPEAL [FRAP, RULE** |
| Security, **NANCY ALCANTAR,** Field | ) **8(a)(1)]** |
| Office Director, Immigration | ) |
| and Customs Enforcement, and | ) [Alien Registration No.: |
| **PETER KEISLER,** Acting Attorney | ) A77 428 624] |
| General of the United States, | ) |
| | ) |
| Respondent. | ) |
| _____ | )/ |

**I**

**INTRODUCTION**

Gumaro Garcia Garnica, petitioner herein, hereby respectfully moves the United States District Court for an order staying the execution of the order of removal of petitioner to Mexico pursuant to the administrative alternative order of removal issued by the Board of Immigration Appeals (hereinafter

1  BIA) on or about June 10, 2005 by the Department of Homeland

2  Security, United States of Immigration and Customs Enforcement,

3  San Francisco District (hereinafter DHS/ICE) by and through the

4  San Francisco District deportation unit, sub-district office at

5  630 Sansome Street, San Francisco, California  94411., pending

6  disposition of the appeal of the order dismissing his petition

7  for writ of *habeas corpus* before the United States District

8  Court, Northern District of California, issued by the Honorable

9  Saundra Brown Armstrong, United States District Judge, on or

10  about September 27, 2007.  Appeal to the United States Court of

11  Appeals for the Ninth Circuit was taken on or about September

12  27, 2007.

13      This application is made pursuant to Federal Rules of

14  Appellate Procedure, Rule 8(a)(1).

15      Petitioner further respectfully moves the United States

16  District Court for a temporary stay of the execution of the

17  aforementioned final order of removal by the respondents,

18  pending a ruling on the present motion.  Maharaj v. Ashcroft 295

19  F3d 963, 964-6 (9th Cir. 2002).

20      Execution of the final order of removal by respondents

21  Chertoff and Alcantar is imminent since petitioner is in the

22  custody of said respondents and their delegates at 630 Sansome

23  Street, San Francisco, California  94111 for immediate removal

24  to Mexico.  Accordingly, petitioner requests that a temporary

25  order of emergency stay of execution of the final order of

1  removal and assumption of physical custody of petitioner issue

2  pending a ruling on this motion for stay.

**II**

**ISSUES ON APPEAL**

5    1.   The District court erred in finding it has no

6  jurisdiction under 8 USC, Section 1252(a)(5), (b)(9) and (g) and

7  failed to apply the precedent in <u>Singh v. Gonzales</u> __ F3d __ (9th

8  Cir. 8/24/07, Case No. 05-16005) where:

9        a.   Counsel for petitioner and appellant failed to

10  raise by petition for review under 8 USC, Section 1252 the

11  clearly erroneous decision by the Board of Immigration Appeals

12  (hereinafter BIA) that a prior administrative order granting an

13  alternative order of voluntary departure under 8 USC, Section

14  1229c(b) was not tolled, but had rather expired despite the

15  timely filing of an administrative motion to reopen under 8 USC,

16  Section 1229a(c)(7)(C) within the sixty day voluntary departure

17  period, contrary to controlling precedent in <u>Azarte v. Ashcroft</u>

18  394 F3d 1278 (9th Cir. 2005) which holds that a timely filing of

19  such a motion within the voluntary departure period tolls the

20  running of time for the grant of voluntary departure.  As a

21  result, petitioner has lost his right to judicial review of the

22  clear error of law under 8 USC, Section 1252 and his right to

23  voluntary departure.

24        b.   The District Court has jurisdiction under 28 USC,

25  Section 2241(c)(3).  Petitioner submits that the present petition

is not barred by Section 106 of Division B - Real ID Act of 2005, Title I (hereinafter RIDA) since the deprivation of constitutional and statutory rights herein have occurred after the entry of the final administrative order and are outside of the scope of the restrictions on habeas corpus jurisdiction placed on this court under Section 106(a) of RIDA, codified at 8 USC, Section 1252(a)(5) and (b)(9).  <u>Singh v. Gonzales</u>, __ F3d __ (9th Cir. 8/24/07, Case No. 05-16005).

The error and omission herein occurred after entry of the final administrative order by the BIA on June 10, 2005 and does not require review of the final order itself.  Accordingly, the District Court has jurisdiction under <u>Singh</u>.

**III**

**BASIS FOR STAY MOTION**

The basis for this motion is as follows:

Petitioner incorporates by reference his Petition for Writ of *Habeas Corpus* or, In the Alternative, Order to Show Cause, and the attached exhibits, in support of the factual basis for this motion set forth below.

1.  Petitioner is a citizen and national of Mexico, born on October 11, 1963 at Apipihuasco, Hidalgo, Mexico, and is presently 43 years old.  A farm laborer by background with a fourth grade education, he is married and has three children, one of whom is a United States citizen who suffers from myopia requiring corrective surgery.  After his initial entry into the

United States of America on or about February 15, 1989, petitioner has not returned to Mexico with the exception of a one month period from December of 1990 to January of 1991. He is now a licensed commercial truck driver, a mortgaged homeowner and has full medical coverage for his son as well as the rest of his family through his employment.

2. In 1998, petitioner consulted with a "notario" or "immigration consultant" named Rose Ann Martinez, in Fresno, California. Petitioner was advised by Ms. Martinez that she would obtain a work permit and "residency" for him. In the course of three meetings, petitioner paid her no less than $4,500 and was asked to sign various forms, the contents of which were unknown to petitioner. Petitioner subsequently learned that Ms. Martinez had filed a Form I-589 (asylum application) with the Asylum Office of the former Immigration and Naturalization Service. On or about February 17, 1999, the application was denied and the matter referred to the OIJ/SF.

3. A notice to appear (hereinafter NTA) in removal proceedings was issued and filed with the OIJ/SF, charging petitioner with removability under 8 USC, 1182(a)(6)(a)(i), presence without being admitted or paroled.

4. Ms. Martinez advised petitioner to contact Jorge Rodriguez Choi, an attorney at law, for representation before the OIJ/SF. Mr. Rodriquez entered an appearance on behalf of petitioner before the OIJ/SF on or about March 31, 1999.

1    5.   Petitioner was advised by Mr. Rodriguez to withdraw

2    the Form I-589 and to pursue relief under 8 USC, Section

3    1229b(b)(1), describing it as a "ten year green card"

4    application.   Pleadings in the form of admissions with a

5    designation of Mexico as the country of removal were entered on

6    or about March 26, 1999.   Petitioner was not advised of the

7    nature of asylum application or of any claims he might have

8    thereby, including claims based on economic persecution, before

9    agreeing to the withdrawal of the I-589 on March 26, 1999 by

10   either Mr. Rodriquez or Ms. Martinez.

11   6.   Thereafter, an EOIR 42B was filed along with

12   supporting exhibits.

13   7.   On or about March 25, 2005, the immigration judge

14   denied cancellation under 8 USC, Section 1229b(b)(1) under 8

15   USC, Section 1229b(b)(1)(B) due to assistance in the unlawful

16   entry of petitioner's spouse and (D) due to a lack of extreme

17   and unusual hardship to a qualifying relative, his son, Israel[1].

18   However, the immigration judge granted voluntary departure under

19   8 USC, Section 1229c(b), on the conditions of posting a $500.00

20   bond with departure by May 24, 2004 (60 days).   Thereafter the

21   bond was timely posted.

22

23

24   _____

[1] The denial of relief under 8 USC, Section 1229b(b)(1)(B) was

25   not addressed or sustained by the BIA in its subsequent order
June 10, 2005.

8.    Mr. Rodriguez filed a timely notice of administrative appeal to the BIA within thirty days of the immigration judge's order and before the expiration of the voluntary departure period.  After briefing, the administrative appeal was dismissed on or about June 10, 2005 by the BIA on grounds that the petitioner failed to meet the hardship requirements of 8 USC, Section 1229b(b)(1)(D).  The BIA then issued an order granting voluntary departure for sixty days from the date of the final administrative order, stating:

> FURTHER ORDER:  Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart from the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security (DHS).  See section 240B(b) of the Immigration and Nationality Act, 8 C.F.R. §§ 1240.26(c), (f).  In the event the alien fails to so depart, the alien shall be removed as provided in the Immigration Judge's order.

> NOTICE:  If the respondent fails to depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty of not less than $1,000 and not more than $5,000 and shall be ineligible for a period of 10 years for any further relief under section 240B and the sections 240A, 245, 248 and 249 of the Immigration and Nationality Act.  See section 240B(d) of the Act.

9.    Under 8 USC, Section 1252(b)(1), petitioner had thirty days thereafter to seek judicial review before the United States Court of Appeals for the Ninth Circuit (hereinafter Court of Appeals).    A petition for review was not filed.    Instead on or about August 9, 2005 a motion to reopen was filed with the BIA by Mr. Rodriguez, asserting new evidence regarding hardship to Israel and requesting: a) a stay of removal; and b) a tolling of the voluntary departure period under Azarte v. Ashcroft 394 F3d 1278 (9th Cir 2005).    The day of the filing was the sixtieth day after the issuance of the decision and order of the BIA.    The delegates of respondents Chertoff and Alcantar opposed the motion on or about August 17, 2005.

10. On or about September 15, 2005 the BIA denied the motion to reopen.    In so doing, the BIA noted that petitioner had been granted sixty days to exercise his voluntary departure; the period had expired, citing Azarte v. Ashcroft 394 F3d 1278 (9th Cir. 2005); but the BIA still had jurisdiction to rule on the motion to reopen itself nonetheless, presumably under the ninety day period under 8 USC, Section 1229a(c)(7)(C).    No order granting, tolling or extending the voluntary departure period was included in the decision and order.

11. On or about October 6, 2005 Mr. Rodriquez filed a petition for review of the decision and order denying the motion to reopen and requested a stay of removal with the Court of Appeals in Garcia Garnica v. Gonzales, Case No. 05-75751.    In

1  the filing, petitioner's then counsel argued that the denial of

2  relief under 8 USC, Section 1229b(b)(1)(D) was "arbitrary and

3  capricious" and therefore not barred from review as a

4  discretionary issue under 8 USC, Section 1252(a)(2)(B)(i). The

5  issue of the BIA's failure to toll the grant of voluntary

6  departure was not raised and no request for a tolling of the

7  voluntary departure period was asserted or mentioned by

8  petitioner's then counsel.

9      12.  On the same day, the Court of Appeals issued a form

10  order under General Order 6.4(c) stating that "a temporary stay

11  of deportation/removal and/or voluntary departure is in effect

12  pending further order of this court," and, further stating that

13  "NOTICE: There is no temporary stay of voluntary departure in

14  effect if the motion for stay was filed AFTER expiration of the

15  voluntary departure period."  On or about January 11, 2006 the

16  Court of Appeals issued an order granting the unopposed stay

17  motion and setting a briefing schedule.

18      13.  After two extensions of time, petitioner's then

19  counsel of record filed an opening brief on or about May 1,

20  2006.  In the brief petitioner's counsel argued issues relative

21  to the denial of relief for cancellation under 8 USC, Section

22  1229b(b)(1)(D) under a post-administrative order precedent,

23  Fernandez v. Gonzales 439 F3d 592 (9th Cir. 2006), but did not

24  address the issue of the BIA's order relative to the expiration

25  of the grant of voluntary departure.

14. After a substitution of counsel for respondent Gonzales, said respondent moved for summary disposition or dismissal on multiple grounds on or about August 15, 2006, to which petitioner's counsel made a brief reply. On or about December 1, 2006, the Court of Appeals granted summary disposition for respondent Gonzales on grounds that the questions raised were insubstantial. Judgment was entered on the same date.

15. Based on information and belief, on or about December 6, 2006, Mr. Rodriguez sent a letter to petitioner's residence explaining that he might have voluntary departure, but that petitioner would have to talk to counsel first and then present documents to "the immigration" before exercising it. The letter failed to state a date by which the possible "voluntary departure" was to be exercised. Adverse consequences, including entry of a "deportation" order should the voluntary departure not occur, were enumerated. Petitioner was working out of state at the time and was advised of the contents of the letter by his spouse. The next day, petitioner spoke with Mr. Rodriquez by telephone. Petitioner was thereupon advised by Mr. Rodriquez that the DHS/ICE would send petitioner a letter telling him when to leave for Mexico, and that his case was finished. No discussion of voluntary departure occurred and petitioner was not advised as to whether he was still eligible for voluntary departure.

16.   On or after September 5, 2007 petitioner was contacted by Mr. Rodriquez regarding a letter received by counsel from DHS/ICE and that he was to report for deportation on September 26, 2007.  Despite requests for a copy of the letter, it was no provided to petitioner by Mr. Rodriquez until September 21, 2007.   Under the letter, petitioner is to report to the delegates of respondent Alcantar for removal to Mexico for ten years at 630 Sansome Street, Fifth Floor, San Francisco, California  94111, on September 26, 2007 at 9:00 o'clock a.m.

17.   At all times mentioned herein, petitioner had a right to effective assistance of counsel in post-final order removal proceedings secured by the due process clause of the Fifth Amendment to the federal constitution.   Dearinger ex. Rel. Volkova v. Reno 232 F3d 1042, 1045-6 (9th Cir. 2000).

18.   At all times mentioned herein, the tolling of grants of voluntary departure upon the filing of motions to reopen were governed by the precedent in Azarte v. Gonzales 394 F3d 1278 (9th Cir. 2005).

19.   On or about September 25, 2007 the instant petition for writ of habeas corpus was filed and served.

20.   On or about September 26, 2007 the Honorable Saundra Brown Armstrong dismissed the petition for lack of jurisdiction.


///

**IV**

**LEGAL ARGUMENT**

A.    Facts

Petitioner incorporates by reference the facts set forth in the habeas petition as if fully set forth herein.  In addition, the following facts are pertinent to the jurisdictional and substantive issues set forth below.  Factual issues relative to the stay motion itself are addressed in the stay motion and below.

The immigration judge issued an order on or about March 25, 2004 denying discretionary relief under 8 USC, Section 1229b(b)(1), cancellation of removal, but granting voluntary departure under 8 USC, Section 1229c(b) within sixty days and the posting of a $500 bond within five days of the order with an alternative order of removal to Mexico if petitioner failed to depart within the voluntary departure period (Habeas petition, Exhibit J).

The final administrative order was issued by the BIA after timely administrative appeal by petitioner on or about June 10, 2005, wherein the BIA dismissed the appeal from the order denying relief under the cancellation statute, but reinstating the voluntary departure order for sixty days from the date of the order (Id., Exhibit M).  The BIA order became a final order of removal since it affirmed the decision and order of the immigration judge.  8 USC, Section 1101(a)(47)(B)(i).  Counsel

1    for petitioner did not seek judicial review of the final order

2    by petition within thirty days thereafter.    8 USC, Section

3    1252(b)(1).

4         Instead, on the sixtieth day after the final order, and the

5    last day of the voluntary departure order, counsel for

6    petitioner filed an administrative motion to reopen within the

7    ninety day time period allowed after the final order for such

8    motions.    8 USC, Section 1229a(c)(7)(C)(i).    In the motion,

9    petitioner requested both a stay of removal and a stay of the

10   voluntary departure period under Azarte v. Ashcroft 394 F3d 1278

11   (9th Cir. 2005) (habeas petition, Exhibit N).

12        The BIA denied the motion on or about September 15, 2005,

13   stating that the voluntary departure period had expired under

14   Azarte, but that the motion to reopen itself could be considered

15   as timely and was denied (Id., Exhibit P).

16        In Azarte, the Ninth Circuit had to resolve the conflict

17   between two statutes, regarding the sixty day maximum for

18   voluntary departure under 8 USC, Section 1229c(b)(2) and the

19   ninety day maximum for motions to reopen under 8 USC, Section

20   1229a(c)(7)(C)(i).    The Azarte court held that if the motion to

21   reopen is filed within the shorter voluntary departure period,

22   then the voluntary departure period is tolled during the time

23   the BIA is considering the motion to reopen.    Azarte at 1289.

24   Accordingly, under Azarte the voluntary departure period in this

25   case was tolled during the consideration of the motion to reopen

since it was filed on the sixtieth day after the BIA's June 10, 2005 final order.

Upon issuance of the September 15, 2005 BIA order denying the motion petitioner had thirty days to seek review under 8 USC, Section 1252(b)(1) and time regarding the voluntary departure period commenced to run. A petition for review was filed on or about October 6, 2005 (Habeas petition, Exhibit Q). Voluntary departure time commences to run from the final order date unless tolled by <u>Azarte</u>. Under <u>Desta v. Ashcroft</u> 365 F3d 741 (9th Cir. 2004) a subsequent filing of a motion for stay tolls running of time under a voluntary departure order, if it is filed within the voluntary departure period which commences to run after the lifting of an <u>Azarte</u> tolling period, but only for such time remaining at the time of the filing of the motion. <u>Desta</u> at 747. Therefore, the balance of voluntary departure time available to petitioner under a <u>Desta</u> stay would have been 39 days.

However, due to the BIA's erroneous finding under <u>Azarte</u>, all voluntary departure time was found to have expired as of September 15, 2005. The error was not raised in the petition for review, was not briefed by counsel and the court order dismissing the petition as insubstantial does not indicate that voluntary departure time remains and the issue was never raised. (Habeas petition, Exhibits Q, T, W). Accordingly, the issue of the BIA's erroneous finding that voluntary departure had expired

1   was not raised and petitioner has lost the right thereto as a

2   result of the failure which occurred after the final order in

3   the administrative proceeding.

4       B.   The District Court Has Jurisdiction Over the Habeas
             Petition

5           1.   RIDA Does Not Apply Under <u>Singh v. Gonzales</u>

6           Under the provisions of RIDA, the District Court is

7   stripped of habeas jurisdiction over review of final orders of

8   removal.  8 USC, Section 1252(a)(5); 1252(b)(9).  However, under

9   <u>Singh</u> a narrow exception arises where a Fifth Amendment due

10  process deprivation through ineffective assistance of counsel

11  occurs after entry of the final administrative order since such

12  review does not entail review of the order of removal itself,

13  and falls outside of the restrictions on habeas jurisdiction

14  under RIDA.  <u>Singh</u> at 10473-4; 10487-8.  Thus, where the remedy

15  does not entail a review of the final order itself, habeas

16  jurisdiction lies with the District Court.  <u>Singh</u> at 10486-8.

17          In the case at hand, the attorney error occurred after the

18  final order issued on June 10, 2005 due to the failure of

19  counsel to raise and seek reversal of the clearly erroneous

20  application of <u>Azarte</u> by the BIA as to the purported expiration

21  of the voluntary departure period on judicial review with the

22  Court of Appeals.  The ruling is an unequivocal error or law,

23  since <u>Azarte</u> tolls the voluntary departure period under the

24  facts.  Failure to raise the issue at all is clearly ineffective

25

since petitioner has been stripped of the rights to voluntarily depart to his prejudice.

Under the case law, the court of Appeals has no authority to reinstate (as opposed to tolling) an expired grant of voluntary departure. Zazueta-Carillo v. Ashcroft 322 F3d 1166 ,1107-75 (9th Cir. 2003). The proper remedy in the case at hand entails a remand to the BIA as the administrative agency directing it to reinstate the remaining 39 days of the voluntary departure period lost as a result of ineffective assistance of counsel. By merely retriggering the balance of the voluntary departure time, the remedy does not result in a review of the June 10, 2005 final order. Singh at 10474, 14086-7 (remedy on remand to District Court would be an order directing the BIA to retrigger the 30 day period to seek judicial review). Accordingly, under Singh, the District court has jurisdiction over the habeas petition herein.

    C.   The Failure to Seek Judicial Review of the Misapplication of Azarte by the BIA Constitutes Ineffective Assistance of Counsel

    1.   Constitutional Claim

The right to effective assistance of counsel arises under the due process clause of the Fifth Amendment. Baires v. INS 856 F2d 89, 90-91 (9th Cir. 1998); Mohesseni Bebbahani v. INS 796 F2d 249, 250-2 (9th Cir. 1986). The issue therefore arises under habeas jurisdiction 28 USC, Section 2241(c)(3).

1          2.   Standard for Ineffective Assistance

2          In  the  Ninth  Circuit,  the  standard  for  ineffective

3   assistance  of  counsel  is  whether  ineffective  assistance  "may"

4   have  affected  the  outcome  of  the  proceeding.   Mohammed  v.

5   Gonzales 400 F3d 785, 793-4 (9th Cir. 2005).

6          3.   Ineffective Assistance of Counsel

7          While  there  is  no  case  precisely  on  point  with  the

8   present  case,  the  following  cases  set  the  parameters  for  the

9   ineffective assistance of counsel claim herein.

10         Failure  by  retained  counsel  to  file  a  claim  or

11  application  on  behalf  of  the  alien  constitutes  ineffective

12  assistance  of  counsel.   Ray v. Gonzales 439 F3d 582, 587-89 (9th

13  Cir.  2006);  Castillo Perez v. INS 212 F3d 518, 526 (9th Cir.

14  2000); Figueroa v. INS 886 F2d 76, 78-9 (4th Cir. 1989).

15         A  failure  to  apply  for  voluntary  departure  in  the

16  administrative  proceeding  is  ineffective  assistance  of  counsel.

17  Colindres Aguilar v. INS 819 F2d 259 (9th Cir. 1987).

18         In  the  post-final  order  proceedings,  the  failure  to

19  file  a  timely  petition  for  review  after  a  final  administrative

20  order  constitutes  ineffective  assistance  of  counsel.   Dearinger

21  ex rel. Volkova v. Reno 200 F3d 1042 (9th Cir. 2000).   In  the

22  context  of  the  Sixth  Amendment,  ineffective  assistance  of

23  counsel  includes  acts  and  omissions  on  appeal.   Murry v. Carrier

24  477 U.S. 478, 488 (1986).

25

1    While tactical decisions may not arise to the level of

2    a Fifth Amendment violation, errors and omissions which may

3    affect the outcome do. <u>Thorsteinsson v. INS</u> 724 F2d 1365, 1367

4    (9th Cir. 1984); <u>Mohammed</u> at 793-4; <u>Ray</u> at 587-89.

5    Accordingly, in the case at hand, the failure to raise

6    the clear legal error committed by the BIA in misapplying <u>Azarte</u>

7    clearly affected a post order outcome as to the perseveration of

8    the grant of voluntary departure to petitioner's prejudice

9    (infra) and constitutes ineffective assistance of counsel.

10        4.   Prejudice

11    Petitioner must show prejudice to prevail on the claim

12    of ineffective assistance. <u>Rodriquez Lariz v. INS</u> 282 F3d 1218,

13    1226 fn. 6 (9th Cir. 2002); <u>Mohesseni Behbbahani</u> at 251.  Since

14    he is now facing removal instead of an exercise of voluntary

15    departure, petitioner has been prejudiced as follows:  1) his

16    $500 departure bond is forfeited under 8 USC, Section 1229c(C)

17    and 8 CFR, Section 1240.26(c)(3); 2) he faces a civil penalty

18    from $1,000 to $5,000 under 8 USC, Section 1229c(d)(1)(A); 3) he

19    is barred from specific relief, including re-immigration under 8

20    USC, Section 1255, for a period of ten years (including an

21    employment visa as a skilled truck driver); and d) has lost his

22    remaining 39 day voluntary departure period.

23        5.   Conclusion

24    Based on the foregoing, petitioner has suffered

25    ineffective assistance of counsel.

-18-

**V**

**STANDARDS FOR STAY**

Under the holding in <u>Maharaj v. Ashcroft</u> 295 F3d 963, 964-6 (9th Cir. 2002) and <u>Abassi v. INS</u> 143 F3d 513, 514 (9th Cir. 1998) petitioner respectfully submits that he is likely to prevail on the merits with demonstrable hardship if a stay is not issued or, alternatively the issues herein are serious legal questions and the balance of hardships favor petitioner in that:

As to the violation of statute, such acts do not require a showing of prejudice. <u>Bui v. INS</u> 76 F3d 268, 270 (9th Cir. 1996). As to the violations of the due process clause of the Fifth Amendment petitioner has experienced prejudice since:

a. The violations are clear, unequivocal errors of law;

b. Petitioner is the father of a minor United States citizen child who suffers from myopia.

c. Petitioner is a homeowner, subject to a mortgage.

d. Petitioner is the sole breadwinner for his family as a commercial truck driver and his medical insurance coverage is essential for his son's operation.

e. Petitioner will be barred from reentry for at least ten years and subject to a fine up to $5,000 under 8 USC, Section 1229c(d) if removed without reinstatement of his voluntary departure.

1       f.    Petitioner will be precluded from presenting further

2  evidence in support of any reinstated application for relief under

3  8 USC, Section 1229c(b) on remand if removed.

4       If removed, petitioner will be separated from his family,

5  unable to support them, unable to provide medical care for his son

6  and will be barred from seeking further relief despite the

7  constitutional and statutory deprivations herein.

8                     **VI**

9             **IMMINENT REMOVAL PENDING**

10       Petitioner is in the custody of respondents and is subject to

11  removal from the United States of America to Mexico since he has

12  been ordered to be removed on September 27, 2007 on or after 5:00

13  o'clock p.m. by the Department of Homeland Security, Immigration

14  and Customs Enforcement, by and through 630 Sansome Street, Room

15  548, San Francisco, California  94111.  On or about September 27,

16  2007 a copy of this application was served on the United States

17  Attorney Office, Northern District of California, at 450 Golden

18  Gate Avenue, 9th Floor, San Francisco, California.  In addition, a

19  copy of this application has been served on the respondents by

20  mail.

21       WHEREFORE, petitioner respectfully prays that the United

22  States District Court issue an order:

23       1.    Temporarily staying the execution of the administrative

24  order of removal set forth herein by the Immigration and Customs

25

Enforcement, Department of Homeland Security pending disposition of this motion for stay.

2.   Staying the detention of petitioner by respondents pending disposition of this motion for stay.

3.   Staying execution of the final order of removal set forth herein pending disposition of the petition herein; and

4.   Granting other such relief as the Court deems just and proper.

Dated:   September 27, 2007          /s/
                                   JAMES TODD BENNETT
                                   Attorney for Petitioner
                                   GUMARO GARCIA GARNICA