**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

GUMARO GARCIA GARNICA,

Petitioner,

v.

MICHAEL CHERTOFF, *et al.*,

Respondents.

No. C 07-4953 SBA

**ORDER**

[Docket No. 9]

Petitioner Gumaro Garcia Garnica has filed an emergency motion to stay, pursuant to Federal Rule of Appellate Procedure 8(a), the order of his removal from the United States issued by the respondents [Docket No. 9]. Rule 8(a)(1) provides that a party may move for "a stay of the judgment or order of a district court pending appeal." The Court DENIES the motion for several reasons.

First, the docket does not reflect that an appeal has been taken, so there is currently no "pending appeal." *See Bauer v. U.S. Dep't of Justice*, 1993 WL 515867, at *1 (N.D. Cal. 1993). Therefore, the motion is denied on that ground as moot. Moreover, the relief the petitioner is seeking in the present motion is a stay of the order of removal issued by the respondents. It is not seeking the stay of an "order of a district court." The Court concluded, with respect to the petitioner's motion to stay the removal order and for a temporary restraining order [Docket No. 2], that it does not have jurisdiction to stay the order of removal from the United States. It follows then that the Court does not have jurisdiction to stay the respondents' order of removal pending appeal.

Second, in those instances in which an appeal is pending, a party seeking a stay pending appeal must show either "probability of success on the merits and the possibility of irreparable injury" or that "serious legal questions are raised and that the balance of hardships tips sharply in [his] favor"). *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). This is nearly the identical legal standard, from *Maharaj v. Ashcroft*, 295 F.3d 963, 966 (9th Cir. 2002), the Court considered when it denied the petitioner's underlying motion to stay and motion for a temporary restraining order. The Court found that in view of the unique facts and circumstances of this case, its procedural history, and the relief

sought by the petitioner, that it lacked jurisdiction under the provisions of the REAL ID Act to hear the petitioner's claim, and therefore the petitioner did not meet the factors necessary for a temporary restraining order.  Even if there were a pending appeal, the Court would find that, given the same facts and legal standards that led to the conclusion that a temporary restraining order was not warranted, would lead it to conclude that the motion to stay pending appeal should be denied.

IT IS SO ORDERED.

September 28, 2007

_____
Saundra Brown Armstrong
United States District Judge

2